IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MACIEL, JR., | CASE NO. CV-F-07-1231- LJO-DLB |
| Plaintiff, | **ORDER ON GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** (Doc. 9) |
| vs. | |
| CONDOLEEZA RICE, Secretary of the United States, | |
| Defendant. | |

Plaintiff Salvador Maciel, Jr. ("Mr. Maciel") seeks a writ of mandamus and a temporary restraining order to compel Defendant Secretary of State Condoleeza Rice ("the Government") to adjudicate his United States passport application. Mr. Maciel claims that although he is a natural-born United States citizen, the Government unlawfully refuses to act on his application and has denied him the ability to apply for a passport, in violation of his rights to travel and due process pursuant to the Fifth Amendment to the United States Constitution. The Government moved to dismiss Mr. Maciel's first and second causes of action for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Mr. Maciel opposed the motion. For the reasons outlined below, this Court grants in part and denies in part the Government's motion to dismiss.

///

**Background**

Mr. Maciel alleges that he was born on June 16, 1962 in Mountain View, California and is therefore a natural-born citizen of the United States.[1]  In the past 20 years, Mr. Maciel applied for a United States passport on three occasions.  The parties dispute the dates of the first two occasions on which Mr. Maciel applied for a passport, and the surrounding circumstances, as discussed more fully below.  The parties do not dispute that Mr. Maciel filed a third application to obtain a passport in 2002 ("2002 application").[2]

In his complaint, Mr. Maciel alleges that a short time after filing the 2002 application, he received a letter with an interview date scheduled at the United States Passport Office in Fresno, California.  Mr. Maciel attended the interview and alleges that he was interrogated for over two hours, threatened, and forced to sign various documents.  Mr. Maciel alleges that he was told that he would not be given a passport because a passport was issued to another person with his name.  Although he explained to the officer that he was a victim of identity theft, Mr. Maciel was also told that "it was [Mr. Maciel's] responsibility to rectify the situation" and he was "directed by the officer conducting the interview not to apply for a passport again."

Mr. Maciel filed his complaint on August 23, 2007, asserting four causes of action: (1) writ of mandamus; (2) "preliminary injunctive relief–temporary restraining order;" (3) Equal Access to Justice Act; and (4) Freedom of Information Act–Access to File.  The Government filed the instant partial motion to dismiss on November 1, 2007, seeking to dismiss Mr. Maciel's first and second causes of action.  Mr. Maciel opposed the motion on November 21, 2007.  On November 30, 2007, the Government replied to Mr. Maciel's opposition and Mr. Maciel filed a surreply on December 5, 2007.  This Court found the motion suitable for submission on the pleadings and, pursuant to Local Rule 78-230(h), vacated the December 12, 2007 hearing.  The Court read and reviewed the motion, opposition, replies and supporting declarations, as well as the record, and issues the following order.

---

[1] In support of this allegation, Mr. Maciel attached a certified copy of a birth certificate to both his complaint and opposition to the Government's motion to dismiss.

[2] As discussed more fully below, there is a factual dispute over the current status of the 2002 application, whether Mr. Maciel attempted to comply with the Government's requests for proof of identity and whether the Government has prevented Mr. Maciel from applying for a United States passport after 2002.

2

**Discussion**

**A.    Standard of Review**

    **1.    Subject Matter Jurisdiction**

The Government moves to dismiss Mr. Maciel's first and second causes of action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

A Fed. R. Civ. P. 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (cited in *Safe Air v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)). In a facial attack, subject matter jurisdiction is challenged solely on the basis of the allegations contained in the complaint (along with any undisputed facts in the record or of which the court can take judicial notice). In a factual attack, the motion "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039. Thus, the party factually attacking jurisdiction seeks to introduce extrinsic evidence and relies on that evidence in support of the motion.

In a facial attack, the court must consider the allegations of the complaint as true. *See DeLancie v. Birr, Wilson & Co.*, 648 F.2d 1255 (9th Cir. 1981). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d 1035, 1039 (citing *Savage v. Glendale Union High School* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (internal citations omitted)). The court need not presume the truthfulness of the allegations in the complaint. Rather, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d 1035.

    **2.    Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure

3

to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976).  In deciding a motion to dismiss for failure to state a claim, a court must determine whether the alleged facts, if true, would entitle the plaintiff to a legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.     Writ of Mandamus**

In his first cause of action, Mr. Maciel seeks a writ of mandamus to compel the Government to adjudicate his passport application.  Mr. Maciel incorporates the Mandamus Act, 28 U.S.C. §136, and alleges that "the statutes and regulations confirm that the United States Secretary of State has a clear duty to process Plaintiff's application for a United States Passport and hence that Plaintiff has a clear right to the relief sought.  Plaintiff has no other adequate remedy available to him." (Complaint ¶28).  Mr. Maciel contends further that the Government violated 28 U.S.C. §1331 and the Administrative Procedures Act ("APA"),  5 U.S.C. §701 *et seq.*, by "unlawfully withholding and/or unreasonably delaying [his] United States Passport application and has failed [sic] to carry out the administrative functions delegated to [it] by law."  (Complaint ¶26).  The Government argues that this Court has no subject matter jurisdiction pursuant to either the Mandamus Act or the APA.

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §136.  "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate means is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).  Mandamus cannot be used to review the discretionary acts of government officials. *Nova v. Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).

4

Pursuant to the APA, and "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). *See also,* 5 U.S.C. § 706(1*)* (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed"). To invoke jurisdiction under these statutes, Mr. Maciel must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in action on that duty. *Norton V. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004). However, a party is not entitled to judicial review under the APA if the action in question is discretionary. 5 U.S.C. § 701(a)(2).

**(1)     Mandamus Act**

The Government argues that Mr. Maciel cannot establish subject matter jurisdiction pursuant to the Mandamus Act, because the issuance of U.S. passports is not a mandatory duty owed to citizens, but a discretionary function. The Government contends that because Congress has recognized that the executive branch may withhold passports as a "matter intimately related to foreign policy and national security," this Court lacks subject matter jurisdiction and should dismiss Mr. Maciel's his first and second causes of action.

The Government's argument misunderstands Mr. Maciel's claim. The Government argues that Mr. Maciel seeks to compel the Government to issue him a passport. (*See*, Mot. to Dismiss, pp. 1, 6, 11, 12; Gov't. Reply, pp. 2, 6). Mr. Maciel points out that the clear language of the complaint demonstrates that Mr. Maciel challenges the Government's refusal to act on the application, not its refusal to grant the application. (*See* Complaint ¶¶ 4, 6, 26, 30). Because Mr. Maciel does not argue that the Government has a duty to approve his application, only to act on it, the Government does not persuade this Court that it lacks jurisdiction.[3]

Mr. Maciel contends further that jurisdiction exists under the Mandamus Act to challenge a U.S. official's authority to "take or fail to take an action as opposed to a decision taken within discretion."

---

[3] Furthermore, the authority to withhold a passport in certain enumerated situations is based on statutes and regulations that are not relied upon by the Government, nor are they applicable to Mr. Maciel's factual circumstance. *See, e.g.*, 2 C.F.R. §51.73 (passports restricted into or through restricted areas for security reasons). Reasons for restriction include an outstanding federal warrant, an order of commitment to a mental institution, or an applicant who is the subject of a subpoena. 22 C.F.R. §51.60 (effective Feb. 1, 2008).

*Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997).  First, Mr. Maciel argues that because 22 U.S.C. §213 provides that a person shall pay a fee with the submission of his/her passport application, it is untenable for the Government to charge a fee for the adjudication of a passport application, and then argue that it has no duty to adjudicate a properly filed application.  Next, Mr. Maciel relies on 8 U.S.C. §1503, which permits any person that claims a right or privilege as a national of the United States, and is denied such a right or privilege, to institute an action for declaratory relief pursuant to 22 U.S.C.§ 2201.  Mr. Maciel argues that he is entitled to have his passport application adjudicated so that he may initiate an action pursuant to 8 U.S.C. §1503.

      Mr. Maciel has a clear right to have his passport application acted upon.  First, the Government enacted regulations to provide a procedure for written notice, hearing and appeal in situations where an application is denied.  22 C.F.R. §Part 61, subsection F.[4]  These regulations suggest that Mr. Maciel has a right, at the least, to have his application adjudicated.  Second, Congress provides a denied applicant the ability to pursue declaratory relief in the federal courts.  *See*, 8 U.S.C. §1503.  Refusal to adjudicate his passport application denies Mr. Maciel a clear right provided by Congress.  *Whitehead v. Haig*, 794 F.2d 115 (3rd Cir. 1986) (the denial of a passport application is an occurrence which constitutes a denial of a "claim or right or privilege" as a United States national and is a final administrative act within the meaning of 8 U.S.C. §1503(a)).  Third, the Supreme Court has long held that the right to travel is protected under the Fifth Amendment to the Constitution.  *Kent v. Dulles*, 357 U.S. 116, 78 S.Ct. 1113, 2 L. Ed. 2d 1204 (1958) ("The right to travel is a part of the 'liberty' of which a citizen cannot be deprived without the due process of law of the Fifth Amendment.")  If Mr. Maciel is a citizen, as he claims, the Government's refusal to act on his application would be tantamount to denying him a Constitutionally-protected right.  *Id*.; *See also*,  *Haig v. Agee*, 453 U.S. 280, 101 S.Ct. 2766, 69 L.Ed.2d 640 ("Most important for present purposes, the only means by which an American citizen can lawfully leave the country or return to it–absent a Presidentially granted exception–is with a passport.")  For these reasons, this Court finds that jurisdiction exists under the Mandamus Act.

---

[4] For example, 22 C.F.R. §51.75 provides: "Any person whose application for issuance of a passport has been denied, or who has otherwise been the subject of an adverse action taken on an individual basis *with respect to his or her right to receive or use a passport* shall be entitled to notification in writing of the adverse action." (Emphasis added).  This Court notes that this regulation will be modified effective February 1, 2008.

**(2)     APA**

Next, the Government argues that this Court has no jurisdiction to review Mr. Maciel's claims under the APA, because: (1) there is no "final agency action" and (2) the issuance of a passport is discretionary and not "legally required."  In opposition, Mr. Maciel alternatively argues that: (1) the Government's refusal to act prevents a "final action," (2) the Government's refusal to act is a "constructive" final action; and (3) the adjudication of the passport application is ministerial, not discretionary.  The parties also dispute the current status of the 2002 application and whether there has been an "unreasonable delay" in its adjudication.  The Court will consider each of these arguments in turn.

**(A)     Final Agency Action**

Final agency action is required for this Court to have jurisdiction over a declaratory relief action pursuant to 8 U.S.C. §1503. In the case relied upon by the Government for its position, *Riveira v. Albright*, 76 F. Supp. 2d 862, 864 (N.D. Ill. 1999), the plaintiff sought declaratory judgment from the Court that he was a United States citizen.  The Court found that abandonment of a passport application did not constitute a final action as required by 8 U.S.C. §1503.  The Court did not consider the final agency action provision of the APA, 5 U.S.C. §704(a)(2).  In this action, however, Mr. Maciel does not seek declaratory relief and relies on the APA for jurisdiction.  Therefore, the argument based on *Riveira, supra*, is distinguished from the instant action.

Within the APA, the Government argues that review is limited to a final agency action, as provided in 5 U.S.C. §704(a)(2).  However, "[a] failure to act may form the basis of a challenge under the APA. A court's review of an agency's failure to act has been referred to as an exception to the final agency action requirement." *ONRC Action v. BLM*, 150 F.3d 1132, 1137 (9th Cir. 1998); *see also, Independence Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997).  Additionally, the APA defines "agency action" as, *inter alia*, a "failure to act."  5 U.S.C. §551(13).  Moreover, Mr. Maciel relies on 5 U.S.C. §701(1) as the basis for his jurisdiction, which allows a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."  In this action, it is the Government's failure to act, rather than a final agency action, which provides the basis for this Court's jurisdiction.

///

7

**(B)    Nondiscretionary duty to adjudicate**

The Government's primary argument in this motion is that this Court lacks jurisdiction because the issuance of a passport is within the discretion of the Secretary of State. As discussed more fully above, however, Mr. Maciel does not seek an issuance of his passport. Mr. Maciel seeks an adjudication of his passport application. Adjudication of an application is ministerial and non-discretionary. *Paunescu v. INS*, 76 F. Supp. 2d 896 (N.D. Ill. 1999). The Court is not persuaded by the Government's argument that it can simply choose whether or not to adjudicate a United States citizen's passport application, considering the statutes, regulations, and Constitutional protections implicated.

**(C)    Unreasonable Delay– Disputed Facts**

The parties dispute several material facts in this motion to dismiss, including: (1) whether the Government has failed to act, (2) whether Mr. Maciel's inaction caused the Government's failure to act, (3) whether Mr. Maciel's application is abandoned; and (4) whether the Government has denied Mr. Maciel the ability to re-apply for a passport. For their positions, both the Government and Mr. Maciel rely upon facts outside of the pleading.[5] For example, the Government argues that no unreasonable delay exists because Mr. Maciel's 2002 application was "abandoned" and he has no application pending. In opposition, Mr. Maciel argues that an unreasonable delay exists because: (1) the 2002 application has not been abandoned, since Mr. Maciel's attorney spoke with Mr. Macias in 2004 and was told to submit additional documentation in support of that application; (2) Mr. Maciel was told he was not permitted to submit any additional passport applications and has been prevented from applying for a passport; and (3) the Government twice prohibited Mr. Maciel from filing an additional application.

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Safe Air*, 373 F.3d 1035, 1039 (jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal

---

[5] In support of this motion, the Government attached a declaration of Richard Macias, Fraud Prevention Manager for the San Francisco Passport Agency. In opposition, Mr. Maciel attaches a declaration which includes information outside his complaint. Though the Court will not detail all facts relied upon, it is worth noting that Mr. Maciel claims in his declaration that by virtue of his "citizenship," his mother was granted legal permanent residence and his wife was granted legal permanent residence by the Department of Homeland Security. Through her marriage to a United States citizen (Mr. Maciel), Mr. Maciel's wife became a United States citizen and now possesses a United States passport.

statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.")  A "jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139 (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  "When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." *Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979).

Here, the APA and the Mandamus Act provide the basis for the subject matter jurisdiction. A jurisdictional finding of disputed facts is inappropriate, as the allegations of the complaint are not frivolous.  Moreover, the jurisdictional finding of whether there is an unreasonable delay is intertwined with the resolution of the factual issue going to the merits of the action (i.e., whether this Court should issue a writ of mandamus).  Accordingly, this Court denies the Government's motion to dismiss.

**C.    Preliminary Injunction–Temporary Restraining Order**

Mr. Maciel's second cause of action provides no independent basis for jurisdiction.  Fed. R. Civ. P. 65 sets for the procedure for obtaining injunctive relief in the federal courts, but "[t]he substantive basis and the jurisdictional authority for use of this procedure must be sought elsewhere." *FTC v. H. Singer, Inc.*, 668 F.2d 1107, 1109 (9th Cir. 1982).  Because the second cause of action is a remedy, rather than an independent basis for jurisdiction, the Government's motion to dismiss is granted.

**D.    Failure to State a Claim**

The Government relies upon the arguments discussed above in support of its motion to dismiss for  failure to state a claim.  For the reasons discussed above, if Mr. Maciel's alleged facts are true (that he is a U.S. citizens and the Government has thrice refused to adjudicate his passport application despite his cooperation and compliance), he would be entitled to the relief sought.  Therefore, the Government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

///

///

**Conclusion**

For the foregoing reasons, this Court:

1. DENIES the Government's motion to dismiss Mr. Maciel's first cause of action, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6);
2. GRANTS the Government's motion to dismiss Mr. Maciel's second cause of action; and
3. ORDERS Mr. Maciel to file an amended complaint no later than January 7, 2008.

IT IS SO ORDERED.

**Dated:   December 17, 2007**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE